**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------X

**GABRIEL CARTAGENA,**                                    Docket No.: 23-CV-03611 (AS)

            **Plaintiff,**

        **-against-**

**SIXTH AVENUE WEST ASSOCIATES LLC,**

            **Defendant.**
-------------------------------------------------------------------X


## DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S NYLL § 195 CLAIMS


        Joseph M. Labuda, Esq.
        Matthew A. Brown, Esq.
        Milman Labuda Law Group, PLLC
        Attorneys for Defendants
        3000 Marcus Avenue, Suite 3W8
        Lake Success, New York 11042
        (516) 328-8899

**PRELIMINARY STATEMENT**

Defendant, Sixth Avenue West Associates LLC ("Defendant") submits this memorandum of law in support of its Motion to Dismiss the New York Labor Law ("NYLL") claims asserted in Complaint ("Complaint") by Plaintiff Gabriel Cartagena ("Plaintiff").

Specifically, Plaintiff lacks Article III standing to proceed with his NYLL §§ 195(1) & (3) claims for the alleged failure to issue him a time of hire wage notice and accurate weekly wage statements, respectively, in federal court. In fact, he has not alleged any downstream injury with consequences beyond this lawsuit based on the purported violations of law to confer standing.

Accordingly, Defendant requests that the Court issue an order (a) dismissing Plaintiff's NYLL § 195 claims, and (b) granting such other relief as the Court deems just and proper.[1]

**ARGUMENT**
**POINT I**
**PLAINTIFF'S NYLL § 195 CLAIMS MUST BE DISMISSED FOR LACK OF**
**ARTICLE III STANDING**

Plaintiff lacks Article III standing to assert his NYLL §§ 195 (1) & (3) claims for Defendant's alleged failure to issue him a time of hire wage notice and accurate weekly wage statements, respectively. Specifically, Plaintiff has not set forth any allegations as to an injury in fact directly caused by the alleged NYLL § 195 violations to give rise to standing. Article III standing requires a plaintiff to show "(1) an 'injury in fact,' (2) a 'causal connection' between that injury and the conduct at issue, and (3) a likelihood 'that the injury will be redressed by a favorable decision.'" Maddox v. Bank of N.Y. Mellon Tr. Co., N.A., 19 F.4th 58, 62 (2d Cir. 2021)(internal quotations omitted). An "injury in fact" is "an invasion of a legally protected

---

[1] Defendant is aware of the Court's Individual Rule 8(G)(i) which requires an indication of the specific claim elements that a moving party believes have not been plausibly plead. Defendant does not assert that Plaintiff has not plausibly plead any element of the claims, but that the NYLL § 195 claims should be dismissed on jurisdictional grounds.

interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical." Lacewell v. Office of Comptroller of Currency, 999 F.3d 130, 141 (2d Cir. 2021)(internal quotations omitted). A plaintiff only has standing based on so-called "informational injury" if they establish "downstream consequences" from failing to receive information; they must show that they have an interest in using the information "beyond bringing [a] lawsuit." Harty v. W. Point Realty, Inc., 28 F.4th 435, 444 (2d Cir. 2022)(internal quotations omitted).

Over the past year, Courts have routinely dismissed NYLL §§ 195 (1) & (3) claims for lack of standing, going as far as holding that it is highly doubtful that a plaintiff could ever allege facts in support of NYLL § 195(1) & (3) claims to confer Article III standing. See Deng v. Frequency Elecs., Inc., 2022 U.S. Dist. LEXIS 206390 (E.D.N.Y. 2022)("Plaintiff's complaint contains no allegations that she was somehow injured merely because of the failure to provide the required notice and statements. Indeed, I think it is doubtful that the mere violation of §§ 198(1-b) and 198(1-d) could ever give rise to accompanying injury sufficient for standing purposes")(emphasis added)[2]; Shiqiang Gao v. Sushi, 2023 U.S. Dist. LEXIS 17269 (S.D.N.Y. 2023)("Plaintiffs fail to allege an injury in fact sufficient to confer standing and have not demonstrated how their lack of notice resulted in an injury greater than Defendants' minimum wage, overtime, and spread-of-hours wage violations. Nor have Plaintiffs identified an informational injury with consequences beyond this lawsuit. Accordingly, Plaintiffs cannot recover under NYLL wage notice and statement provisions")(emphasis added); Soto v. Julio H. Baez Lolo Grocery Corp, 2022 U.S. Dist. LEXIS 226470 (E.D.N.Y. Dec. 14, 2022).

In this matter, Plaintiff asserts in a conclusory fashion that Defendants violated NYLL §§ 195(1) & (3) (i.e. that Defendant failed to provide him with the required wage notice(s) and

---

[2] NYLL § 198 is the vehicle through which damages can be awarded for violations of NYLL § 195.

statement(s)). (Dkt. No. 1, ¶¶ 49-50). He has not set forth any injury sufficient to confer Article III standing, such as an informational injury with consequences beyond this lawsuit that are directly linked to the purported violation of law.

Therefore, Plaintiff lacks Article III standing to pursue his NYLL § 195 claims and those claims should be dismissed.

## CONCLUSION

Based on the foregoing, Defendant respectfully requests that the Court issue an order granting (a) this Motion to Dismiss Plaintiff's NYLL § 195 claims and (b) such other and further relief as the Court deems just and proper.

Dated: Lake Success, New York
      August 31, 2023

                                       **MILMAN LABUDA LAW GROUP, PLLC**

                                       <u>Matthew A. Brown, Esq.</u>
                                       Joseph M. Labuda, Esq.
                                       Matthew A. Brown, Esq.
                                       Attorneys for Defendants
                                       3000 Marcus Ave., Suite 3W8
                                       Lake Success, NY  11042
                                       (516) 328-8899