UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GABRIEL CARTAGENA,

                              Plaintiff,

          -against-

SIXTH AVENUE WEST ASSOCIATES LLC,

                              Defendant.

23-CV-3611 (AS)

MEMORANDUM OPINION
AND ORDER

ARUN SUBRAMANIAN, United States District Judge:

Plaintiff Gabriel Cartagena brought this action against Defendant Sixth Avenue West Associates LLC (Sixth Avenue) pursuant to the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.*, and the New York Labor Law (NYLL), N.Y. Lab. Law § 650 *et seq.* and § 190 *et seq.* Sixth Avenue moved to dismiss one of Cartagena's NYLL claims. *See* Dkt No. 13. Upon review of the parties' submissions, Sixth Avenue's motion is granted.

## BACKGROUND

Cartagena alleges that he was employed as a handyman by Sixth Avenue, a building ownership and management company, from February 7, 2023, to March 8, 2023. Compl. ¶¶ 12, 14–15. Cartagena brings claims under the FLSA and NYLL, alleging that Sixth Avenue failed to pay him appropriate overtime wages and failed to comply with federal and state minimum wage laws. *Id.* ¶¶ 39–45. Cartagena also alleges that Sixth Avenue violated the New York Wage Theft Protection Act (WTPA) because Sixth Avenue failed to provide Cartagena with a wage notice at the time of hiring as required under NYLL §195(1) or a wage statement for each pay period as required under NYLL §195(3). Compl. ¶¶ 22–23, 27–50. Cartagena does not allege in the complaint that he suffered any injury because of these statutory violations.

Sixth Avenue moved to dismiss Cartagena's WTPA claims for lack of Article III standing. *See* Dkt No. 14. Sixth Avenue argues that the complaint does not allege facts demonstrating that Cartagena sustained any injury because of Sixth Avenue's alleged WTPA violation.

## LEGAL STANDARDS

"A district court properly dismisses an action under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction if the court lacks the statutory or constitutional power to adjudicate it, such as when . . . the plaintiff lacks constitutional standing to bring the action." *Cortlandt St. Recovery Corp. v. Hellas Telecommunications, S.a.r.l*, 790 F.3d 411, 416–17 (2d Cir. 2015) (internal citations and quotations omitted). "Article III standing requires plaintiffs to show (1) an 'injury in fact,' (2) a 'causal connection' between that injury and the conduct at issue, and (3) a likelihood 'that the injury will be redressed by a favorable decision.'" *Maddox v. Bank of New*

*York Mellon Tr. Co., N.A.*, 19 F.4th 58, 62 (2d Cir. 2021) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992)). "To demonstrate injury in fact, a plaintiff must show the invasion of" an interest that is "legally protected," "concrete," "particularized" and "actual or imminent, not conjectural or hypothetical." *Id*. (citation omitted).

"Article III standing requires a concrete injury even in the context of a statutory violation." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 341 (2016). Cartagena cannot simply "allege a bare procedural violation, divorced from any concrete harm, and satisfy the injury-in-fact requirement of Article III." *Id.* If the statutory violation involves "informational injury," the plaintiff must identify "downstream consequences from failing to receive the required information" because "informational injury that causes no adverse effects cannot satisfy Article III." *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2214 (2021) (internal quotations and citation omitted).

## DISCUSSION

Courts in this Circuit are split as to whether allegations of a WTPA violation—without any allegations of injury—are sufficient to confer Article III standing. Some courts have held that a plaintiff has standing to bring a WTPA claim even absent specific allegations of injury. In *Bueno v. Buzinover*, No. 22-CV-2216, 2023 WL 2387113 (S.D.N.Y. Mar. 7, 2023), for example, the court concluded that a complaint sufficiently alleged standing to bring a WTPA claim even though the complaint was "unspecific as to the downstream injuries that resulted from these alleged statutory violations." *Id.* *2. The court reasoned that "such allegations are not necessary to supply standing" because the WTPA is meant to "empower[] employees to advocate for themselves" and "[d]enying an employee such notices . . . can impinge on an employee's interests not only in being paid what is owed, but also in being able to advocate for the receipt of proper pay." *Id*. at *2–3. The court therefore concluded that "by alleging that they were not furnished the statutorily required notices, plaintiffs have asserted a concrete and particularized injury sufficient to confer standing for their WTPA wage notice and wage statement claims." *Id.* at *3.

Another court held that standing was established under a different theory. In *Bello v. Proline Pumping Corp.*, No. 22-CV-4081, 2023 U.S. Dist. LEXIS 106676 (E.D.N.Y. June 20, 2023), the magistrate judge held that "the bare assertion that [plaintiffs] never received their statutorily required wage statements and notices" was sufficient for standing purposes. *Id.* at *28. Because the plaintiffs had also asserted claims for wage theft in the same complaint, the judge reasoned that "the downstream harm" was "evident on the face of the pleadings." *Id.*

Other courts have come to the opposite conclusion as to whether bare assertions of a WTPA violation suffice. For example, in *Neor v. Acacia Network, Inc.*, No. 22-CV-4814, 2023 WL 1797267, (S.D.N.Y. Feb. 7, 2023), the court dismissed the plaintiffs' WTPA claim because the complaint did "not allege any harm stemming from a lack of accurate wage notices or statements" and thus the plaintiffs "lack[ed] standing because they fail to demonstrate how the lack of accurate wage notices and statements led to either a tangible injury or something akin to a traditional cause of action." *Id.* at *4 (internal quotations and citation omitted); *see also Beh v. Community Care*

*Companions Inc.*, No. 19-CV-01417, 2022 WL 5039391, at \*7 (W.D.N.Y. Sept. 29, 2022), *report and recommendation adopted*, 2023 WL 1969370 (W.D.N.Y. Jan. 26, 2023) (dismissing WTPA claim for lack of standing because plaintiffs failed to "link[]" the missing wage statements and notices to the asserted wage theft); *Sevilla v. House of Salads One LLC*, No. 20-CV-06072, 2022 WL 954740, at \*7 (E.D.N.Y. Mar. 30, 2022) (dismissing WTPA claims for lack of standing because it was not clear that the failure to provide such notices and statements "led to an 'injury' that can be recognized by a federal court." (citation omitted)).

The Court finds the latter approach more persuasive. In *TransUnion*, the Supreme Court made clear that plaintiffs asserting an informational injury must allege some "downstream consequences from failing to receive the required information." 141 S. Ct. at 2214. Therefore, to have standing to bring a wage notice or wage statement claim, the plaintiff must allege injury stemming from the statutory violation. In addition, the Court will not infer that a WTPA violation caused concrete injury simply because the plaintiff alleged violations of the NYLL and the FLSA in the same complaint. Rather, as always, a plaintiff "must clearly allege facts demonstrating each element" of standing. *Spokeo*, 578 U.S. at 338 (cleaned up).

Here, the complaint provides no basis for standing with respect to Cartagena's WTPA claim. In his brief, Cartagena says that "sufficient injury does exist in several forms including financial injury, informational harm, etc. as also found by other Courts that have found the existence of subject matter jurisdiction over these claims." Pl.'s Opp'n at 2, Dkt No. 15. That kind of throwaway argument isn't enough, but more importantly, it isn't in the complaint. *See Witcher v. New York City Dep't of Educ.*, No. 21-CV-7750, 2023 WL 2609342, at \*5 (S.D.N.Y. Mar. 23, 2023) ("[A]llegations raised for the first time in an opposition brief cannot defeat a motion to dismiss, because allegations in an opposition brief do not amend a complaint."). Cartagena's complaint is devoid of *any* allegations that would support standing. In fact, Cartagena's complaint does not make clear how Sixth Avenue violated the WTPA and does not provide any allegation—conclusory or otherwise—that Cartagena was harmed because of Sixth Avenue's alleged violation.

To be clear, the Court does not mean to suggest that a plaintiff will never have standing to bring a WTPA claim. Indeed, it may be that Cartagena could amend his complaint in this case to make the proper allegations. The Court holds only that the current complaint—alleging that Sixth Avenue violated the WTPA without alleging any concrete injury connected to that violation—is insufficient to proceed in federal court under *TransUnion*.[1]

---

[1] Cartagena argues that "the Court obviously has subject matter jurisdiction over the wage notice and wage statement claims under the supplemental jurisdiction statute at 28 USC § 1367." Pl.'s Opp'n at 1, Dkt No. 16. But the Court must have both statutory *and* constitutional jurisdiction to hear a case. *See Cortlandt St. Recovery Corp*, 790 F.3d at 417.

Cartagena may amend his complaint to cure the standing deficiencies identified in this order no later than **October 11, 2023**. If Cartagena chooses to do so, he should provide specific factual allegations regarding how Sixth Avenue violated the WTPA and what harm resulted to Cartagena because of that statutory violation. Any claims of "informational injury" should be supported by allegations of the "downstream consequences from failing to receive the required information." *TransUnion*, 141 S. Ct. at 221.

## CONCLUSION

For the foregoing reasons, Sixth Avenue's motion is GRANTED. Cartagena's third cause of action is dismissed without prejudice. The Clerk of Court is directed to terminate Dkt No. 13.

SO ORDERED.

Dated: September 28, 2023
New York, New York

ARUN SUBRAMANIAN
United States District Judge